IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BRIAN M. MARTIN                                                                                       PLAINTIFF

v.                             CIVIL NO. 19-cv-03038

ANDREW SAUL, Commissioner                                       DEFENDANT
Social Security Administration

## **MEMORANDUM OPINION**

Plaintiff, Brian M. Martin, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under the provisions of Titles II and XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his applications for DIB and SSI on December 9, 2016 and December 20, 2016. (Tr. 40). In his applications, Plaintiff alleged disability beginning on November 25, 2016, due to: degenerative disc disease, osteoarthritis at L1-L5, high blood pressure, diabetes, a shortened left leg, anxiety, and depression. (Tr. 40, 262). An administrative hearing was held on July 24, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 59-103). Two witnesses and a vocational expert ("VE") also testified. (*Id.*).

On December 17, 2018, the ALJ issued an unfavorable decision. (Tr. 37). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: diabetes mellitus and a disorder of the back. (Tr. 43). However,

after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 44-45). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except he could only occasionally climb, balance, crawl, kneel, stoop, and/or crouch. (Tr. 45-51).

The ALJ found Plaintiff would be unable to perform any of his past relevant work. (Tr. 51). With the help of a vocational expert, the ALJ then determined that Plaintiff could perform the representative occupations of document preparer, circuit board assembly, and driver. (Tr. 51-52). The ALJ found Plaintiff was not disabled from November 25, 2016, through the date of his decision. (Tr. 52).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th

2

Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings two points on appeal: 1) Whether the ALJ erred by failing to find his bilateral carpal tunnel syndrome a severe impairment; and 2) whether substantial evidence supports the ALJ's RFC, as the requirements of sedentary work are incompatible with his bilateral carpel tunnel syndrome. (Doc. 14). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 10th day of April 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE